IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONALD PEIRSOL,

    Plaintiff,                      No. CIV S-07-1708 GEB DAD P

    vs.

CALIF. DEP'T OF CORRECTIONS
AND REHAB.,

    Defendants.                FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Before the court is plaintiff's amended complaint.

        In the court's October 3, 2007 order, plaintiff's original complaint was dismissed with leave to amend. At that time plaintiff was advised that the court was required to screen complaints brought by prisoners and that a complaint could be dismissed if it failed to state a claim upon which relief may be granted. Plaintiff was provided the legal standards applicable to his Eighth Amendment claim concerning prison officials' alleged failure to protect him from harm by other inmates. Plaintiff was advised that he should name the specific defendants who disregarded his safety and that supervisory personnel, such as the warden, were generally not liable under § 1983. Finally, if plaintiff named the warden as a defendant in his amended

1

1 complaint, he was advised to specifically allege facts establishing the causal link between the
2 warden and the constitutional violation.

3 Plaintiff's amended complaint continues to lack the necessary specificity. In its
4 entirety, plaintiff's amended complaint alleges:

> [I]n 6/30/90 to May of 91[,] I was in Vacerville [sic] State Prison.
> I ask to be placed at a place my life would not be in danger. I got
> sent to Solano State prison were [sic] my throat got cut. After wich
> [sic] I got sent to M.C.S.P. for the remainder of my time [sic] thank
> you.

(Compl. at 5[1].) Plaintiff names as defendants a Doe, who he identifies as a counselor at Solano State Prison, "c/os at work at the time," and the warden as defendants. In his prayer for relief, plaintiff requests the following:

> I want the courts to look in to what happen to me. I'd [sic] all
> people involved to be repramandded [sic] and/or fired. I like for
> C.D.C.R to pay me punitive damages for emotion stress pluss [sic]
> suffering into the amount of 4,000,000.00 or what ever the courts
> so wish.

(Id.)

Plaintiff was previously advised that he needed to provide factual allegations that demonstrated that specifically named defendants were deliberately indifferent about his safety. Plaintiff was also advised that "[i]t is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). In his amended complaint, plaintiff has not provided any allegations linking the unnamed counselor and the warden of Solano State Prison to the alleged Eighth Amendment violation. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Despite the court's advice and plaintiff's

---

[1] The first page of the form complaint is numbered page "3" and thereafter, in numerical order.

opportunity to file an amended complaint to cure the deficiencies, plaintiff's amended complaint fails to provide sufficient allegations in support of his Eighth Amendment claims.

Given the continuing deficiencies with plaintiff's amended complaint, it appears clear that granting further leave to amend would be futile. See Reddy v. Litton Indus., Inc., 912 F.2d 291, 296-97 (9th Cir. 1990); Rutman Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729, 738 (9th Cir. 1987). The undersigned will therefore recommend that this action be dismissed with prejudice.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The amended complaint, filed on October 10, 2007, be dismissed for failure to state a cognizable claim; and

2. This action be dismissed. See 28 U.S.C. § 1915A(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 7, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
peir1708.56